UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL and CLARENCE Z. HOWARD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MECC, et al., | ) ) ) |
| Defendants. | ) |

No. 4:21-cv-1020-HEA

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon its own motion. This action was filed jointly by two prisoners. Multiple prisoners may not join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. *See, e.g., Georgeoff v. Barnes*, 2:09-CV-14 ERW, 2009 WL 1405497 (E.D. Mo. 2009). As a result, the Court will strike plaintiff Clarence Z. Howard from this case and order the Clerk to open a new case for his claims.

There are several reasons for this. First, the Prison Litigation Reform Act ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). However, "[m]ultiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA." *Lilly v. Ozmint*, 2007 U.S. Dist. LEXIS 49153 *4, 2007 WL 2021874 *1 (D.S.C. July 6, 2007) (slip copy); *see* 28 U.S.C. § 1914. Therefore, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Additionally, courts have noted that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396 *2 (D.N.J. Feb. 19, 2009) (slip copy) (citing *Wasko v. Allen County Jail*, 2006 WL 978956 (N.D. Ind. 2006); *Swenson v. MacDonald*, 2006 WL 240233 *2-4 (D. Mont. Jan. 30, 2006) (slip copy)).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

*Hagwood*, 2009 WL 427396 at *2.

Finally, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is dismissed. Prisoners may not circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to **STRIKE** plaintiff Clarence Z. Howard from this action.

**IT IS FURTHER ORDERED** that, using the complaint filed in the instant matter, the Clerk shall open a new prisoner civil rights case for the stricken plaintiff Clarence Z. Howard.

**IT IS FURTHER ORDERED** that in the new case that is opened for plaintiff Clarence Z. Howard, the Clerk shall file a copy of this Memorandum and Order, his motion for leave to proceed *in forma pauperis* [ECF No. 6], his income account statement [ECF No. 7], and the motion for temporary restraining order [ECF No. 8].

**IT IS FURTHER ORDERED** that the Clerk shall **STRIKE** from the record in the instant case plaintiff Clarence Z. Howard's motion for leave to proceed *in forma pauperis* [ECF No. 6] and his income account statement [ECF No. 7].

Dated this 20th day of August, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE