## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE Z. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1051-RWS |
| | ) | |
| MECC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of self-represented plaintiff Clarence Z. Howard (registration no. 1273308), an inmate at the Missouri Eastern Correctional Center, for leave to commence this civil action without prepayment of the filing fee. ECF No. 3. He has also filed a motion for a temporary restraining order. ECF No. 5. While incarcerated, plaintiff has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice to the filing of a fully-paid complaint. The Court will also deny plaintiff's motion for a temporary restraining order.

### The Complaint

Plaintiff originally filed this action jointly with fellow inmate, Joseph Michael Devon Engel. ECF No. 1. The complaint was signed by both Mr. Howard and Mr. Engel, and each inmate filed a separate motion to proceed *in forma pauperis*. The caption of the complaint listed "MECC" and "MODOC" as defendants.

In the section of the form complaint designated to assert the statement of the claim, the plaintiffs stated the following in Mr. Engel's handwriting:

> This is in Regards to [] 7-28-21 at 10:30am 4 house Caseworkers Office to rec[e]ive my Legal Mail. I got a note with [] all of it together and it was already open and the note said sorry. Like they did not notice it wrong. This goes against Policy. Its funny it happen to me and another offender. I am putting this Offender on this suit also so he can get a copy of all the info. Like they did not notice United States District Courts.
>
> This Lawsuit is for Both Offenders 50/50. We don't deserve for our rights to be violated over and over again just cause we are in prison. The other person this Happen to is Clanence [sic] Howard #1273308. They Broke [our] 4th Admentment [sic] and 14th Admentment [sic] this aint the first time either. I'm a Sovereign Citizen Missouri #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.

ECF No. 1 at 7-8.

Included with the complaint were four pages of notebook paper in which Mr. Howard essentially repeated the statement of the claim. *Id.* at 3-4. Mr. Howard also listed five individuals who were not named in the caption: the Warden, Assistant Warden, Deputy Warden, Division Deputy Warden, and a mail room employee of the Missouri Department of Corrections. *Id.* at 5-6. The handwriting is difficult to decipher, but it appears Mr. Howard intended to also name these individuals as defendants despite their omission from the caption. Mr. Howard takes issue with their responses to his grievances regarding his legal mail. He also appears to allege supervisory liability.

The injuries were described as: "civil rights, civil liberty rights, prisoner rights, mental angious [sic] physical health, [and] mind raping." *Id.* at 8. For relief, they sought 250 billion dollars. *Id.* at 9.

On August 20, 2021, the Court issued an order striking Mr. Howard from the original action, *Engel v. MECC, et al.*, 4:21-CV-1020-HEA (E.D. Mo.), and directed the Clerk to open a new prisoner civil rights case for Mr. Howard. ECF No. 6. The Court explained that, pursuant to

Rule 20 of the Federal Rules of Civil Procedure, multiple prisoners may not join together in a single lawsuit.

## Discussion

Mr. Howard seeks leave to commence this civil rights action pursuant to 42 U.S.C. § 1983 without prepayment of the required filing fee. Plaintiff has had at least three previous cases dismissed on the basis of frivolity or failure to state a claim. As such, his instant motion to proceed *in forma pauperis* will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

### A. Three Strikes Rule

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action … in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

3

### B. Plaintiff's Previous "Strikes"

While incarcerated, Mr. Howard has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. On July 25, 2019, Mr. Howard filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against fifteen state actor defendants for an alleged violation of his Eighth Amendment rights. *See Howard v. Unknown named CEO, et al.*, Case No. 4:19-CV-2241-JMB (E.D. Mo.). Plaintiff sought and was granted leave to proceed *in forma pauperis*. On September 26, 2019, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B) after determining the complaint failed to state a claim upon which relief could be granted. Plaintiff moved for post-dismissal amendment of his complaint, which the Court granted on February 20, 2020. On March 9, 2020, after review of the amended complaint, the Court once against dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B).

On August 14, 2020, Mr. Howard filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against twelve state actor defendants for violations of his freedom of speech. *See Howard v. Corizon Health Service, et al.*, Case No. 4:20-CV-1081-JCH (E.D. Mo.). Mr. Howard sought and was granted leave to proceed *in forma pauperis*. On December 2, 2020, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B), finding his allegations to be frivolous.

On February 23, 2021, Mr. Howard filed a third civil action in this Court pursuant to 42 U.S.C. § 1983 against sixteen state actor defendants for violations of his freedom of speech. *See Howard v. Precythe, et al.*, Case No. 4:21-CV-233-HEA (E.D. Mo.). Mr. Howard sought and was granted leave to proceed *in forma pauperis*. On May 27, 2021, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted.

As a result, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff does not allege that he is in imminent danger. Plaintiff's claims relate to the alleged opening of his legal mail and his dissatisfaction with the responses to his grievances. Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice.

**C.   28 U.S.C. § 1915(e)**

In addition to being subject to dismissal under the three strikes rule, plaintiff's complaint does not survive initial review under 28 U.S.C. § 1915(e)(2). Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

The caption of the complaint lists the "MECC" and "MODOC" as defendants in this action. Claims against the Missouri Department of Corrections and the Missouri Eastern Correctional Center fail to state a claim upon which relief may be granted because they are not "persons" that can be sued under 42 U.S.C. § 1983, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and plaintiff's claims against them would be barred by the doctrine of sovereign immunity. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018).

As to the five individuals Mr. Howard listed on notebook paper and appeared to include as defendants, his allegations against them appear to challenge their responses to his institutional grievances or "kites." Allegations of improperly processed or denied grievances do not state an actionable constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a grievance procedure is procedural right only and confers no substantive right on inmate); *Isaac v. Unknown Flenoid, et al.*, No. 1:16-CV-27-SNLJ, 2016 WL 2609793, at *2 (E.D. Mo. May 6, 2016) ("a state grievance procedure does not confer any substantive constitutional right upon prison inmates.").

Additionally, plaintiff's allegations against these individuals fail to state how they personally participated in any violation of plaintiff's constitutional rights. To state a claim under § 1983, plaintiff must plead that each defendant "personally violated [his] constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). It is well established that the doctrine of *respondeat superior* does not apply in § 1983 suits. *See Iqbal*, 556 U.S. at 676; *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) ("supervisors . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate"); and *Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process). "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Thus, upon initial review, the Court finds that the complaint here is subject to dismissal under the three strikes rule, 28 U.S.C. § 1915(g), and also because it fails to state a claim upon which relief can be granted.

**D. Motion for Temporary Restraining Order**

Plaintiff has also filed a motion for temporary restraining order. The motion is on one page of notebook paper and states, in its entirety: "Come Now Plaintiffs Clarence Z. Howard and Joseph Engel asking humbly for TRO (i.e. Temporary Restraining Order) pursuing [sic] to Fed. Rule 65 for civil case."

A Court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the Court has the opportunity to rule on the lawsuit's merits. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In determining whether to issue a temporary restraining order, the Court must consider four factors: (1) the threat of irreparable harm to the movant; (2) the potential harm to the nonmoving party should an injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

Plaintiff's one sentence request fails to demonstrate any valid basis for the issuance of a Temporary Restraining Order. Consequently, the Court cannot find a presently existing actual threat of irreparable harm to plaintiff that would warrant the issuance of a temporary restraining order. Moreover, as discussed above, the Court has found that plaintiff has not stated a constitutional violation or properly alleged a cause of action under § 1983 against defendants. Thus, his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 6th day of October 2021.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE